# UNITED STATES DISTRICT COURT

## DISTRICT OF COLORADO

---

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | Case Number:  04-cr-00502-EWN-01 |
| | USM Number:  33301-013 |
| JAY ALLEN FREY<br>a/k/a "Jeff Lemley"<br>a/k/a "Jay A. Lemley"<br>a/k/a "Aaron Lemley"<br>a/k/a "Aaron Frye" | Neil MacFarlane, Appointed<br>(Defendant's Attorney) |

**THE DEFENDANT:** Pleaded guilty to count one of the Information.

The defendant is adjudicated guilty of this offense:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 922(g)(1) | Unlawful Possession of a Firearm by a Prohibited Person | 06/04/04 | One |

    The defendant is sentenced as provided in pages 2 through 6 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

    The Indictment is dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

    It is further ordered that the Addendum to this judgment, which contains the defendant's social security number, residence address and mailing address, shall be withheld from the court file and retained by the United States Probation Department.

|  |
|---|
| February 24, 2006 |
| Date of Imposition of Judgment |

|  |
|---|
| s/ Edward W. Nottingham |
| Signature of Judge |

|  |
|---|
| Edward W. Nottingham, U.S. District Judge |
| Name & Title of Judge |

|  |
|---|
| March 9, 2006 |
| Date |

DEFENDANT:  JAY ALLEN FREY
CASE NUMBER:  04-cr-00502-EWN-01                                    Judgment-Page 2 of 6

## IMPRISONMENT

The defendant is committed to the custody of the United States Bureau of Prisons to be imprisoned for a period of 57 months.

The court recommends that the Bureau of Prisons designate FCI Englewood for service of sentence.  The court further recommends that defendant be considered for participation in the Residential Drug Abuse Program.

The defendant shall surrender for service of sentence at the institution designated by the United States Bureau of Prisons within fifteen days of the date of designation.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.


_____
UNITED STATES MARSHAL


By_____
Deputy United States Marshal

DEFENDANT:  JAY ALLEN FREY
CASE NUMBER:  04-cr-00502-EWN-01                                      Judgment-Page 3 of 6

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall serve a term of three (3) years on supervised release.  Within seventy-two hours of his release from the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district to which he is released.

The defendant shall not possess any firearm, destructive device, or any other dangerous weapon, as defined by federal or state statute.

The defendant shall not illegally possess or use controlled substances.

The defendant shall submit to one drug test within fifteen days of his release and two periodic drug tests thereafter, the exact timing of all such tests to be determined by the probation officer.

The defendant shall not commit a federal, state, or local crime.

The defendant shall cooperate in the collection of DNA, as directed by the probation officer.

The defendant shall observe thirteen of the fourteen "standard" conditions that have been adopted by this court (set forth below).  The defendant shall also comply with the additional conditions on the following page.

## STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.

2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.

3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

4) The defendant shall support his dependents and meet other family responsibilities.

5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons.

6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.

7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician.

8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

9) The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.

DEFENDANT:  JAY ALLEN FREY
CASE NUMBER:  04-cr-00502-EWN-01                                    Judgment-Page 4 of 6

10)     The defendant shall permit a probation officer to visit him at any time at home or elsewhere
        and shall permit confiscation of any contraband observed in plain view by the probation officer.

11)     The defendant shall notify the probation officer within seventy-two hours of being arrested or
        questioned by a law enforcement officer.

12)     The defendant shall not enter into any agreement to act as an informer or a special agent of a
        law enforcement agency without the permission of the court.

13)     The defendant shall provide the probation officer with access to any requested financial
        information.

## ADDITIONAL CONDITIONS OF SUPERVISION

1)      The defendant shall participate in a program of testing and treatment for drug abuse, as
        directed by the probation officer, until he is released from the program by the probation officer.
        While participating in this program, he shall abstain from the use of alcohol or other
        intoxicants. He shall pay all costs associated with this program.

2)      The defendant shall participate in a program for mental health treatment, as directed by the
        probation officer, until he is released from the program by the probation officer.  He shall pay
        all costs of such treatment.  The court authorizes the probation officer to release to the
        treatment agency all psychological reports and/or the presentence report, for continuity of
        treatment.

3)      The defendant shall take all medications prescribed by his treating psychiatrist.  He will submit
        to random blood tests as requested by his treating psychiatrist and/or probation officer to
        ensure that a therapeutic level of his prescribed medications is maintained.

DEFENDANT:  JAY ALLEN FREY
CASE NUMBER:  04-cr-00502-EWN-01                                    Judgment-Page 5 of 6

## MONETARY OBLIGATIONS

The defendant shall pay the following monetary obligations in accordance with the schedule of payments set forth below.

| Count | Assessment | Fine | Restitution |
|-------|-----------|------|-------------|
| One | $100.00 | $0.00 | $0.00 |
| **TOTALS** | $100.00 | $0.00 | $0.00 |

DEFENDANT:  JAY ALLEN FREY
CASE NUMBER:  04-cr-00502-EWN-01                                    Judgment-Page 6 of 6

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total monetary obligations shall be due as follows:

The special assessment shall be due immediately

All monetary obligation payments, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any monetary obligations imposed.

Payments shall be applied in the following order:  (1) special assessment.