IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Criminal Case No.  04-cr-00502-WYD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JAY ALLEN FREY,

    Defendant.

## ORDER

THIS MATTER is before the Court on Defendant's Motion for Clarification of Sentence filed February 13, 2012.  The Probation Department and the Government tendered responses in opposition to the motion on February 23, 2012.  For the reasons stated below, Defendant's motion is denied.

Through his motion, Defendant asks for a clarification of the Amended Judgment issued on December 8, 2012, and for the Court to explicitly order that Defendant is to serve only one four month period in a community corrections facility.  If the Court were to grant his motion, Defendant would only serve one four month period in a community corrections facility as compared to two.

By way of background, on December 18, 2010, I sentenced Defendant to serve 21 months in prison "…to run concurrently with the sentence imposed in Denver District Court Case Number 2010-CR-818."  (ECF No. 149).  On August 15, 2011, I granted in part and denied in part Defendant's Motion to Modify Judgment and Sentence filed on May 20, 2011.  (ECF No. 163.)  Defendant's motion was granted to the extent that it

sought an amendment of the Judgment to reflect that Defendant was to serve the last four months of his sentence in a community corrections facility. Consistent with that ruling, an Amended Judgment was issued on August 29, 2011 which added on page three under the term of imprisonment, "The defendant shall serve the last four (4) months of his sentence in a community corrections center." Defendant's current motion arises from an additional condition of supervised release that requires Defendant to "reside in a community corrections facility for a period of four (4) months, to commence immediately upon his release from incarceration. . . ."

    Defendant argues that the intent of the Amended Judgment was that Defendant only serve one four-month period in a community corrections facility. Defendant completed that period as part of his term of imprisonment, and thought that he was to be released on Friday, February 17, 2012, the last day of the four month period. Accordingly, the motion states that Defendant placed a $350 deposit on a townhouse in Lakewood, Colorado. The motion states that Defendant's parole officer believes, however, that Defendant must serve another four months in the community corrections facility as a condition of supervised release. Defendant contends that the Court clearly meant for Defendant to only serve one four month period, which was the last four months of his prison sentence, not that he had to serve an additional four months as part of his supervised release, pointing to my statement at the sentencing hearing on December 8, 2010, "Let's say you have six months left on your federal sentence, when the state sentence is over, then you would serve two months in prison and four months in a community corrections facility." (Transcript of Dec 8, 2010, p. 74).

I reject Defendant's argument. The Judgment was amended in August 2011 to state that Defendant was to serve the last four months of his 21 month sentence of imprisonment in a community corrections facility. Both the original Judgment and the Amended Judgment clearly stated in addition to the term of imprisonment that Defendant must satisfy conditions as part of his supervised release term. One of those conditions was that Defendant serve four months in a community corrections facility as part of his supervised release. That condition is entirely separate from Defendant's sentence of imprisonment, and was never contested or objected to by Defendant. The Judgment cannot be modified at this stage of the litigation to delete that condition of supervised release.

While Defendant seeks to "clarify" the sentence, in reality he is seeking a modification of a term of the judgment. That is because the relief he is seeking would require deletion of a term of supervised release in the judgment. "'A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization.'" *United States v. Larsen,* Nos. 09-4205, 09-4209, 2010 WL 2180563, at *2 (10th Cir. June 2, 2010) (unpublished) (quoting *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir.1997)). "Under [18 U.S.C.] § 3582, a district court may only modify a sentence in three specific circumstances: (1) the court receives a motion from the Bureau of Prisons finding that special circumstances warrant a reduction and the requested reduction is consistent with the applicable policy statements issued by the Sentencing Commission; (2) to the extent expressly permitted by statute or by Fed. R. Crim. P. 35; or a defendant has been sentenced based upon a

sentencing range later lowered by the Sentencing Commission. *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir.1997).

In this case, Defendant has not shown that any of the above grounds are present. The only possible ground for modification would be Rule 35(a), which allows for the correction of an "arithmetical, technical or other clear error" within 14 days after sentence. However, that ground is inapplicable, both because Defendant's motion is untimely and because I find no error with the Amended Judgment. Accordingly, this Court has no jurisdiction to modify Defendant's federal sentence, and I find that such a modification would be improper. *See United States v. Gilmore*, No. 93-6397, 1994 WL 462393, at *1 (10th Cir. Aug. 25, 1994) (unpublished) (directing district court to dismiss defendant's case for lack of jurisdiction where defendant failed to provide any statute or rule which gave the court authority to correct or modify the defendant's sentence such that his federal sentence would run concurrently with his state sentence).

It is therefore

ORDERED that Defendant's Motion for Clarification of Sentence filed February 13, 2012 (ECF No. 167) is **DENIED**.

Dated: February 29, 2012

                                              BY THE COURT:

                                              s/ Wiley Y. Daniel  
                                              Wiley Y. Daniel  
                                              Chief United States District Judge